**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4154
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS EDWARD NORMAN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:17-cr-00527-HMH-1)

_____

Submitted: April 4, 2023                         Decided: May 15, 2023

_____

Before KING and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Janis Richardson Hall, Greenville, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2020, Thomas Edward Norman filed a 28 U.S.C. § 2255 motion to vacate his drug and firearm convictions and sentence. The district court granted the § 2255 motion in part, agreeing that Norman's counsel rendered ineffective assistance in failing to object to the application of a sentencing enhancement, and ordered that he be resentenced without the inapplicable enhancement. The court denied the § 2255 motion as to all other claims. The court thereafter resentenced Norman to an aggregate term of 90 months' imprisonment. Norman appeals the denial of the remainder of his § 2255 motion and the sentence imposed on resentencing.

Norman's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court imposed an unreasonable sentence. Norman has filed a pro se supplemental brief challenging the district court's denial of several of the claims he raised in his § 2255 motion and asserting that his counsel rendered ineffective assistance at resentencing. The Government has declined to file a response brief.

To begin, an amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). To the extent Norman seeks to appeal the order by assigning error to the district court's denial of relief on some of the claims in his § 2255 motion, "he is appealing 'the final order in a proceeding under § 2255' and must obtain a [certificate of appealability] under § 2253." *Id.* (quoting 28 U.S.C. § 2253(c)(1)(B)). On the other hand, to the extent Norman seeks to challenge the

2

propriety of the relief granted—for instance, whether the relief was proper under § 2255 or whether the new sentence contravenes the Sentencing Guidelines—"he is appealing a new criminal sentence" and, accordingly, need not first secure a certificate of appealability. *Id.* For the reasons discussed below, we deny a certificate of appealability and dismiss the portion of Norman's appeal challenging the district court's order denying in part his § 2255 motion, and we affirm the amended criminal judgment.

We first consider Norman's appeal of the district court's earlier order denying relief on all but one of the claims asserted in Norman's § 2255 motion. This order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 590 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Norman has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this appeal as to the district court's July 17, 2020, order denying in part Norman's § 2255 motion.

3

We turn, then, to Norman's appeal of the amended criminal judgment, which was imposed after the district court resentenced Norman pursuant to the prior grant of partial § 2255 relief. We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account 'the totality of the circumstances.'" *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citing *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008)). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

During the resentencing hearing, the district court accurately calculated Norman's advisory Guidelines range, considered the parties' arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Norman's sentence is procedurally reasonable. We further conclude that Norman has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

4

Finally, Norman claims that his counsel rendered ineffective assistance at the resentencing hearing. We do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (citing *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008)). The present record does not conclusively show that counsel's performance was ineffective. Accordingly, Norman's claim is not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. We therefore deny a certificate of appealability and dismiss Norman's appeal of the district court's order denying in part his § 2255 motion, and we affirm the amended criminal judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*
*AND AFFIRMED IN PART*

5